UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAY 3 1 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-379-GWU

CLYDE COLLINS,                                     PLAINTIFF,

VS:                 MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

Clyde Collins brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Collins, a 48 year-old former coal miner and shift supervisor with a "limited" education, suffered from impairments related to discogenic and degenerative disorders of the back, mild spinal stenosis, stage one pneumoconiosis, mild expiratory obstruction, mild resting arterial hypoxemia, and a history of chronic bronchitis. (Tr. 12, 16). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 20). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 19-20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included an exertional restriction to light level work along with such non-exertional limitations as (1) an inability to more than occasionally climb stairs and ramps, kneel, stoop, squat, and bend from the waist; (2) an inability to ever crouch, crawl or climb ladders, ropes and scaffolds; (3) an inability to ever push or pull with the lower extremities; (4) a need to avoid exposure to dangerous, moving machinery, unprotected heights, or environmental pollutants such as dust, chemicals, smoke and toxic acid; and (5) the need for a sit/stand-at-will option. (Tr. 279). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 279-280). Therefore, assuming that the vocational factors considered by Ellis fairly characterized Collins' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Collins' condition, as required by Varley. Dr. James Templin, an examining consultant, opined that the plaintiff would be limited to lifting or carrying a maximum of 25 to 30 pounds from waist level and should avoid lifting more than 10 pounds from floor level. (Tr. 231). Dr. Templin also reported that the claimant would have difficulty engaging in activities that required "...prolonged standing, walking, frequent bending, stooping, kneeling, lifting, carrying, climbing, or riding in or on vibratory vehicles." (Tr. 231). The hypothetical question presented to Ellis was essentially consistent with these restrictions. While the question did not include a limitation concerning vibratory vehicles, the plaintiff has not asserted that the omission of this factor was reversible error. This would not appear to be a requirement of assembler, amusement clerk and production inspector, the jobs cited by Ellis in response to the hypothetical question. The question was fully compatible with the limitations

6

noted by Dr. James Ross (Tr. 236-245) and Dr. Calixto Hernandez (Tr. 246-254). These reports provide substantial evidence to support the administrative decision.

Dr. Rahul Dixit, a treating physician, identified a number of extremely severe physical restrictions in April of 2003, including an inability to lift even 10 pounds. (Tr. 211-212). The ALJ rejected Dr. Dixit's opinion because he did not believe that it was well-supported by objective medical data. (Tr. 17). This action was appropriate. In November, of 2002, the doctor reported that the plaintiff could perform modified work that did not require "....a lot of bending, lifting, pushing, pulling or crouching." (Tr. 217). These limitations are essentially consistent with those presented to the vocational expert. In January of 2003, Dr. Dixit noted that the claimant was "doing well." (Tr. 215). While increased pain was reported in April of 2003, straight leg raising was normal, reflexes were symmetric, and there was no sign of sensory deficits or spasm. (Tr. 213). An MRI of the lumbar spine did not reveal any frank disc rupture while an EMG/NCV was normal. (Tr. 221). Therefore, under these circumstances, the ALJ properly rejected Dr. Dixit's opinion.

Dr. Muhammad Niazi, another treating source, also identified the existence of very severe physical restrictions on a February, 2004 assessment form. (Tr. 71-73). These were also rejected as binding by the ALJ. (Tr. 18). A July, 2002 x-ray of the plaintiff's lumbar spine, ordered by another physician at Dr. Niazi's facility, was normal. (Tr. 197). The patient was neurologically intact. (Tr. 197). An August, 2002 MRI Scan of the lumbar spine revealed osteoarthritic changes with mild stenosis at several levels. (Tr. 188). In October and December of 2003, Dr. Niazi indicated that Collins had a full range of motion in his back and all joints. (Tr. 93-94). Strength and tone were normal, there were

7

no muscle atrophy and no evidence of pain was apparent. (Tr. 94). Thus, the ALJ also properly rejected this opinion.

Dr. Jean-Maurice Page indicated that Collins should avoid stooping, squatting, bending, and crawling, restrictions which appear somewhat more severe than those presented to the ALJ. (Tr. 203). Dr. Page relied in part upon the EMG/NCV studies which had been normal. (Tr. 203). Thus, this opinion was also properly rejected by the ALJ. Dr. Page also felt the patient's condition would improve with a work hardening program (Tr. 203), indicating his restrictions were not permanent.

Collins argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Collins was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Collins' pain complaints.

The undersigned concludes that the administrative decision should be

8

affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___31___ day of May, 2005.

G. WIX UNTHANK
SENIOR JUDGE